# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2016

Lyle W. Cayce
Clerk

No. 12-40854

DORIS FORTE, O.D., on behalf of herself and all other similarly situated persons; BRIDGET LEESANG, O.D.; DAVID WIGGINS, O.D.; JOHN BOLDAN, O.D.,

      Plaintiffs - Appellees

v.

WAL-MART STORES, INCORPORATED,

      Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before STEWART, Chief Judge, and JOLLY, and SMITH, Circuit Judges.

PER CURIAM:

The Texas Supreme Court has resolved the certified questions in this case. In the light of its answers, we now vacate the district court's judgment and remand for further proceedings.

Plaintiffs, a group of optometrists who leased office space from Wal-Mart Stores, Inc., in its retail stores, sued Wal-Mart for violations of the Texas Optometry Act, Tex. Occ. Code §§ 351.001-.608. They alleged that Wal-Mart, in violation of the Act, attempted to control their practice of optometry by exercising influence over their hours. Plaintiffs conceded that they did not

No. 12-40854

suffer any compensatory damages, but instead sought civil penalties under the Act.  After trial, a jury returned a verdict in the Plaintiffs' favor, and the district court entered judgment in the amount of $1,395,400, consisting entirely of statutory civil penalties.

Wal-Mart appealed the district court's judgment.  In our first opinion addressing the matter, we held that (1) Wal-Mart could properly be held liable under the Act, but that (2) the damages awarded, "civil penalties" assessed under the Optometry Act, were awarded in violation of Chapter 41 of the Texas Civil Practices and Remedies Code.[1]  *Forte v. Wal-Mart Stores, Inc.*, 763 F.3d 421 (5th Cir. 2014) ("*Forte* I").  However, we subsequently vacated that opinion. In our second opinion, we (1) vacated the original opinion; (2) adopted the holding of the original opinion as to liability, finding again that Wal-Mart was properly found liable for violating the Optometry Act; (3) found that the issue of whether damages were proper implicated important issues of Texas law as to which there was no controlling precedent; and (4) certified two questions concerning the issue to the Texas Supreme Court.  *Forte v. Wal-Mart Stores, Inc.*, 780 F.3d 272, 278 (5th Cir. 2015) ("*Forte* II").  We certified the following questions:

1. Whether an action for a "civil penalty" under the Texas Optometry Act is an "action in which a claimant seeks damages relating to a cause of action" within the meaning of Chapter 41 of the Texas Civil Practice and Remedies Code. In other words, are civil penalties awarded under Tex. Occ. Code § 351.605 "damages" as that term is used in Tex. Civ. Prac. & Rem. Code § 41.002(a).

---

[1] Chapter 41 provides, in relevant part, that "exemplary damages may be awarded only if damages other than nominal damages are awarded." Tex. Civ. Prac. & Rem. Code § 41.004(a).

2

No. 12-40854

2. If civil penalties awarded under the Texas Optometry Act are "damages" as that term is used in Tex. Civ. Prac. & Rem. Code § 41.002(a), whether they are "exemplary damages" such that Tex. Civ. Prac. & Rem. Code § 41.004(a) precludes their recovery in any case where a plaintiff does not receive damages other than nominal damages.

The Texas Supreme Court accepted the certified questions and answered both questions "yes," reaching the same outcome as we did originally in *Forte* I. *Wal-Mart Stores, Inc. v. Forte*, --- S.W. 3d ---, No. 15-0146, 2016 WL 2985018 (Tex. May 20, 2016), reh'g denied (Sept. 23, 2016) ("*Forte* III"). In other words, the Texas Supreme Court found that "civil penalties" under the Optometry Act were, by operation of Chapter 41, unavailable to private plaintiffs who had not sustained any actual damages.

The parties were subsequently ordered to file letter briefs addressing (1) what matters remain for adjudication in the light of the Texas Supreme Court's opinion, and (2) what action this Court should now take. As to the first issue, the parties agree that *Forte* III resolved the merits of this matter, and that the district court's judgment regarding damages must be vacated; attorneys' fees are the only matter that remains in this case. The parties disagree over the second issue. The Optometrists argue that they are entitled to attorneys' fees and so this Court should remand to the district court for proceedings regarding fees. Wal-Mart argues that the Optometrists are not entitled to fees, and that this Court should find as much as a matter of law.

We find that the best course is to remand this case to the district court so that it may determine in the first instance whether the Optometrists are entitled to attorneys' fees in the light of the Texas Supreme Court's opinion and the correspondent vacatur of their damages award.

3

No. 12-40854

Accordingly, we AFFIRM the district court's judgment regarding Wal-Mart's liability and REVERSE and VACATE the district court's judgment regarding damages. The case is REMANDED to the district court for further proceedings consistent with this opinion, our opinion in *Forte* II, and the Texas Supreme Court's opinion in *Forte* III.